United States District Court
Southern District of Texas
ENTERED
July 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE P. N.[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-263 |
| | § | |
| CARLOS CISNEROS, *et al.*, | § | |
| Respondents. | § | |

**ORDER TO RESPOND**

On July 24, 2026, Petitioner filed a "Notice of Dismissal". Dkt. No. 29. In his Notice, Petitioner requests for the Court to dismiss his pro se petition because he wishes to begin a new case with representation.

While habeas corpus petitioners arising under § 2241 are amenable to dismissal under the abuse of the writ doctrine, they are not subject to the gatekeeping provisions of § 2244(b). *See In re Aldama Aleman,* No. 26-50451, 2026 WL 2192789 (5th Cir. July 29, 2026)*;* 28 U.S.C. § 2244(b) (limiting the gatekeeping procedure to petitions brought under 28 U.S.C. § 2254). However, the district court may raise abuse of the writ sua sponte. *McQueen v. Whitley*, 989 F. 2d 184, 185 (5th Cir. 1993).

Here, Petitioner has filed a petition for habeas corpus more than once. Accordingly, the Government may oppose voluntary dismissal on prejudice grounds. If it so wishes, the Court **ORDERS** the response to be no later than **August 13, 2026.** If there is no response, the Court will consider the dismissal unopposed.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Signed on July 30, 2026.

Karen Betancourt
United States Magistrate Judge