United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JORGE P.N., "Petitioner," | § | |
| v. | § | Civil Action No. 1:26-cv-00263 |
| CARLOS CISNEROS, *et al.*, *in their official capacities*, "Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"), Respondents' "Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 26) ("MSJ"), Petitioner's "Notice of Dismissal" (Dkt. No. 29) ("Notice"), and the Magistrate Judge's "Order to Respond" (Dkt. No. 30) ("Order").

By his Notice, Petitioner asks the Court to dismiss his Petition so that he may "begin a new case with representation." Dkt. No. 29 at 1. Because Respondents filed their MSJ before Petitioner filed his Notice, *see* Dkt. Nos. 26 & 29, the Court construes[1] the Notice as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)").

After an adverse party has served an answer or motion for summary judgment, Rule 41(a)(2) permits an action to be "dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see also Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (explaining that Rule 41(a)(2) may be applied in a habeas proceeding). Motions for voluntary dismissal should generally be granted absent plain legal

[1] "The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal citations omitted).

prejudice to the nonmovant or evidence of abuse by the movant. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

To assess whether voluntary dismissal would prejudice Respondents, the Magistrate Judge issued an Order directing Respondents to file any statement of opposition or prejudice by August 13, 2026. Dkt. No. 30. The Order advised that failure to timely file would deem Petitioner's request unopposed. *Id*. Respondents filed no response. Accordingly, the Court treats Petitioner's request as unopposed.

Finding no evidence of abuse by Petitioner or plain legal prejudice to Respondents, the Court grants Petitioner's request for voluntary dismissal. Petitioner's claims against Respondents are hereby **DISMISSED without prejudice**. Respondents' MSJ (Dkt. No. 26) is further **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this August 18, 2026

Rolando Olvera
United States District Judge